Argued and submitted April 20, affirmed June 1, 1981

## METROPOLITAN HOSPITALS, INC.,
*Respondent,*

*v.*

## STATE HEALTH PLANNING AND DEVELOPMENT AGENCY et al,
*Appellants.*

(No. A 8102-01220, CA A20504)

628 P2d 783

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Dave

Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Peter F. Stoloff, Portland, argued the cause for respondent. With him on the brief was Bruce MacGregor Hall, P.C., Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The State Health Planning and Development Agency and its Director (hereinafter "appellants") appeal from a trial court order made pursuant to ORS 183.490[1] requiring that appellants hold a hearing by a specified date on the application by petitioner Metropolitan Hospitals, Inc. (hereinafter "petitioner"), for reconsideration of appellants' order denying petitioner the right to construct a hospital in Gresham.

We take our statement of facts from the admitted facts in petitioner's complaint. On July 16, 1980, petitioner applied to appellants for a Certificate of Need for a 113-bed hospital to be constructed in Gresham. On January 6, 1981, the application was denied by appellants. On January 28, 1981, petitioner requested a reconsideration hearing pursuant to ORS 442.340(6).[2] On February 17, 1981, appellants notified petitioner that a presiding officer had been appointed to conduct the reconsideration proceedings. On February 26, 1981, appellants notified petitioner that an oral hearing would not be held by February 27, 1981, which date was 30 days from the filing of petitioner's request for reconsideration. Appellants further advised petitioner on February 26, 1981, that it was searching for a new presiding officer, because the one previously appointed had disqualified himself for a conflict of interest.

---

[1] ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.484, compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision."

[2] ORS 442.340(6) provides:

"(6)(a) An applicant, health systems agency, or any affected person who is dissatisfied with the decision of the state agency, is entitled to:

"(A) A reconsideration hearing before the state agency; and

"(B) An appeal before the appeals board pursuant to ORS 442.360, whose decision shall be final subject to judicial review pursuant to ORS 183.310 to 183.500.

"(b) In any proceeding brought by an affected person, an applicant or a health systems agency challenging a state agency decision under this subsection, the state agency shall follow procedures consistent with ORS 244.050, 431.250, 441.015 to 441.087, 442.015 to 442.420, 442.435 and 442.450, the Federal Act and the provisions of ORS 183.310 to 183.500 relating to a contested case."

On February 26, 1981, petitioner filed this proceeding, alleging, in addition to the matters set out above, that it was entitled to a full, contested case type reconsideration hearing within 30 days of its request by virtue of OAR 409-10-156(1), which provided:

> "The reconsideration hearing or hearings shall begin not later than thirty (30) days after a request for reconsideration hearing has been received by the state agency unless the presiding officer extends the beginning time of the hearing for good cause. The state agency may extend the beginning time of the hearing subject to approval by the applicant of such extension."

Petitioner also alleged that it was being damaged by the delay in the hearing, to which it had not consented, by reason both of expert witness fees and losses due to "rapidly inflating construction and interest costs."

In their response, appellants admitted most of the above facts, save for lack of consent and damages, but affirmatively alleged that

> "The administrative rule [OAR 409-10-156(1)] cited and quoted in * * * the Petition has been suspended and is specifically inapplicable in this proceeding. The applicable rules governing petitioner's Request for Reconsideration are those filed with the Secretary of State on February 13, 1981, and numbered OAR 409-10-137 to OAR 409-10-275, inclusive."

As the issue was joined by the pleadings and argued to the trial court, the question was whether appellants' new rules, purportedly adopted February 13, 1981, were to apply. The distinction between the old and new rules was the distinction between a full hearing of the contested case type, which the old rules envisioned, and a significantly less formal procedure with oral participation limited to cross-examination and rebuttal, as the new rules contemplated. The trial court held that the new rules could not be applied retroactively and that petitioner was entitled to a contested case hearing "at the earliest possible time."

On review in this court, appellants contend that the February 13 rules were applicable in this case because they include a provision, OAR 409-10-270, which states:

> "These rules are effective immediately and apply to all cases where reconsideration has been requested but has not been substantially instituted or completed."

Petitioner responds that the new rules do not apply because: (1) although they are purportedly made retroactive by OAR 409-10-270, *supra,* the appellants do not have statutory authority to make retroactive rules; (2) assuming the appellants have statutory authority to promulgate retroactive rules, those rules do not apply in this case because petitioner had "substantially instituted" its request for reconsideration; and (3) the appellants' new rules were not validly adopted. Because we deem it dispositive in this case, we examine petitioner's third theory first.

The rules in question in this case were adopted as "emergency, temporary" rules.[3] An agency may adopt such rules, but only under limited circumstances. Those circumstances are described in ORS 183.335(5):

> "(5) Notwithstanding subsections (1) to (4) of this section [which set out elaborate procedural steps for the normal adoption of rules], an agency may adopt, amend or suspend a rule without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, if the agency prepares:
>
> "(a) A statement of its findings that its failure to act promptly will result in serious prejudice to the public interest or the interest of the parties concerned and the specific reasons for its findings of prejudice;
>
> "(b) A citation of the statutory or other legal authority relied upon and bearing upon the promulgation of the rule;
>
> "(c) A statement of the need for the rule and a statement of how the rule is intended to meet the need; and
>
> "(d) A list of the principal documents, reports or studies, if any, prepared by or relied upon by the agency in considering the need for and in preparing the rule, and a statement of the location at which those documents are available for public inspection."

In purported compliance with subsection (5)(a), *supra,* the appellants' statement of justification, dated February 13, 1981, states:

---

[3] In fact, they were adopted in direct response to a trial court ruling in another case requiring these appellants to do essentially the same things they are being required to do here. We affirmed that case without opinion. *Metro Hospitals v. Health Planning,* 51 Or App 365, 625 P2d 1391 (1980).

"* * * Adoption of rules on an emergency, temporary basis is justified to provide a more thorough, equitable and less expensive hearing to four applicants currently granted their requests for reconsideration. These four hearings will provide an opportunity to perfect these temporary rules before final adoption not later than 180 days from this date."

■     We agree with the petitioner that this statement does not satisfy the requirement of ORS 183.335(5)(a). It in no way demonstrates (or really even suggests) that "serious prejudice" to the parties involved will result unless the rules are adopted.

■     ORS 183.400(4)(c) provides that this court may declare an agency rule invalid if it finds that the rule "[w]as adopted without compliance with applicable rulemaking procedures." That is the case here. Because the new rules are invalid, the appellants are required to grant petitioner the hearing it demands forthwith.

Affirmed.